UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ JONES,<br><br>                    Plaintiff,<br><br>     v.<br><br>JENNIFER SEETOO, CALABASSAS POLICE DEPT., DONALD ALWAY AND LOS ANGELES FBI,<br><br>                    Defendants. | CASE NO. 2:23-cv-01285-RSM<br><br>ORDER OF DISMISSAL |

      *Pro se* Plaintiff, Cortez D. Jones, filed this case against Jennifer Seetoo, station captain of the Los Angeles County Sheriff's Department, the "Calabassas Police" in California, Donald Alway, the Assistant Director in Charge of the Los Angeles FBI field office, and the Los Angeles California FBI. Dkt. #1. Plaintiff's Complaint alleges: "470 – Robbery via Police / secret service connections to California Police and Donald Alway." *Id.* As relief Plaintiff seeks twenty trillion dollars plus interest. *Id.* Plaintiff seeks to proceed *in forma pauperis* ("IFP"). Dkt. #1.

      Under 28 U.S.C. § 1915(e), the Court must dismiss IFP complaints if "at any time" it is determined the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2); *see also* 28. U.S.C. § 1915A(b)(1); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners).

      The Court has reviewed this Complaint and will dismiss it for two reasons. First the Complaint avers in its entirety "470 – Robbery via Police / secret service connections to California

ORDER OF DISMISSAL - 1

1 Police and Donald Alway." These allegations do not set forth sufficient factual matter to state a
2 claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Labels
3 and conclusions, lacking factual enhancement are insufficient. *Id.* The factual allegations must
4 be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,
5 550 U.S. 544, 555 (2007). The factual matter alleged falls far short of this standard and the
6 Complaint thus fails to state a claim upon which relief may be granted.

7 Second, the complaint names Defendants that reside in the State of California. The general
8 federal venue statute provides that a civil action wherein jurisdiction is not founded solely on
9 diversity of citizenship may be brought only in the judicial district where at least one defendant
10 resides, or in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C.
11 § 1391(b). All of the Defendants reside in California, and it flows that Plaintiff's claims arise from
12 acts occurring in California. Under 28 U.S.C. § 1406(a), if a case is filed in the wrong district, a
13 district court may dismiss the case on the ground of improper venue, or if justice requires, the
14 Court may transfer the case to any district in which venue is proper. *See King v. Russell*, 963 F.2d
15 1301, 1304 (9th Cir.1992), *cert. denied*, 113 S.Ct. 1263 (1993) (per curiam).

16 Justice does not require a transfer of this case to California because the Complaint fails to
17 state a claim upon which relief may be granted. If Plaintiff seeks to file a complaint against the
18 California Defendants named in this action, he should file a complaint in the proper federal district
19 in California that sets forth sufficient facts to establish a claim for relief. Justice does not require
20 transfer of a complaint that fails to set forth a claim for relief and the Court accordingly declines
21 to transfer the case.

22
23

ORDER OF DISMISSAL - 2

The Court finds it unnecessary to provide this Plaintiff an opportunity to show cause why this case should not be dismissed given this particular Plaintiff's pattern of filing frivolous cases in this District and his inability to demonstrate such cause in those cases.

For the foregoing reasons the Complaint is DISMISSED without prejudice. This dismissal renders consideration of IFP status moot and the Clerk shall close this case.

DATED this 29th day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 3